FILED RECEIVED LODGED COPY
SEP 10 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

*Michael Rocks-Macqueen, pro se*
*Po Box 13537*
*Scottsdale, AZ 85267*
*echoisforgood@gmail.com*
*(650)468-7777*

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF ARIZONA*

MICHAEL ROCKS-MACQUEEN,
Plaintiff,

v. No.: CV-25-3290-PHX-JJT

PARAMOUNT GLOBAL,
Doing Business as CBS Studios Inc.,

FOX CORPORATION, Doing Business as
Fox News,

PALANTIR TEHCNOLOGIES, INC.,
Defendants.

**CIVIL COMPLAINT UNAUTHORIZED BROADCASTING AND SIMULATION OF AN NON-CONSENTING AMERICAN CITIZEN**

## I. INTRODUCTION

Plaintiff Michael Rocks-Macqueen brings this civil action for damages and equitable relief arising from grave and ongoing constitutional and civil rights violations. Without Plaintiff's knowledge or consent, deeply private aspects of his life, including personal thoughts, statements, locations, mental health reflections, and interpersonal experiences, have been systematically surveilled, recorded,

and disseminated across national media platforms, including those operated by **CBS** and **Fox News**.

These actions, allegedly conducted with the technological support of **Palantir Technologies Inc.**, resulted in the unauthorized simulation, exploitation, and nationwide broadcast of Plaintiff's life to an unsuspecting audience. This unwarranted surveillance and media dissemination have caused **severe psychological harm, reputational damage**, and **continuing violations of constitutional rights** secured by the **First, Fourth, and Fourteenth Amendments** to the United States Constitution.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to:

- **28 U.S.C. § 1331** (federal question),
- **28 U.S.C. § 1343** (civil rights violations), and
- **28 U.S.C. § 1367** (supplemental jurisdiction).

Venue is proper in this District under **28 U.S.C. § 1391(b)** because a substantial portion of the acts and omissions giving rise to this action occurred within this District. Defendant **Paramount Global (CBS Studios Inc.)** and **Fox Corporation (Fox News)** broadcast nationwide, including directly into this District.

Additionally, **Palantir Technologies Inc.** maintains offices and conducts business operations within this District, further supporting proper venue. Additionally, it operates globally. Plaintiff notes that Defendants have made recent changes to corporate or service addresses following the filing of related complaints.

Plaintiff respectfully requests that the Court take judicial notice of each Defendant's **b**usiness operations and established presence within this District as of the filing date, and that any attempts to retroactively alter venue or avoid service through address changes be deemed improper under Rule 11 and governing venue provisions.

## III. PARTIES

### Plaintiff

1. Michael Rocks-Macqueen is a private citizen and legal resident of the United States who has been subjected to non-consensual surveillance, unauthorized broadcast of private content, and psychological abuse carried out by the named Defendants and their affiliates.

### Defendants

2. Paramount Global, doing business as CBS, is a multinational mass media and entertainment conglomerate headquartered in New York, New York. It operates and broadcasts nationwide, including within this District.

3. Palantir Technologies Inc. is a data analytics and surveillance contractor with longstanding ties to government agencies, including intelligence and defense sectors. Its platforms and services enabled or directly contributed to unauthorized data aggregation and behavioral targeting that facilitated the constitutional violations and harm described in this complaint.

4. Fox Corporation, doing business as Fox News, is a national media company that knowingly participated in the unauthorized dissemination and narrative construction of Plaintiff's private life. Its affiliated broadcast platforms contributed to the reputational, psychological, and constitutional harm alleged herein.

## IV. RIGHT TO AMEND UNDER RULE 15

Plaintiff includes Fox Corporation (doing business as Fox News) in this action based on its knowing and repeated dissemination of unauthorized content derived from private surveillance, as well as its narrative participation in the construction of a televised, psychologically abusive portrayal of Plaintiff's private life. This conduct caused severe reputational, emotional, and constitutional harm. While Fox did not originate the content, its national platform contributed materially to the abuse by broadcasting, reinforcing, and profiting from the narrative at issue.

However, Plaintiff acknowledges that Fox Corporation retains a path to mitigate its liability. Specifically, if Fox chooses to air coverage exposing the seven Democratic-appointed judges involved in the related federal court proceedings, thus promoting transparency and truth in the public interest, Plaintiff reserves the right to amend or reduce certain claims pursuant to Rule 15 of the Federal Rules of Civil Procedure. This conditional opportunity reflects Plaintiff's consistent interest in accountability, not censorship, and serves to distinguish willful participation in abuse from responsible journalism.

## V. STATEMENT OF FACTS

### 1. Whistleblower Testimony

Plaintiff has received corroborating statements from multiple whistleblowers with direct or indirect knowledge of Palantir's data-sharing practices with media entities.

These statements confirm the unauthorized gathering, manipulation, and dissemination of Plaintiff's personal data.

One whistleblower, referencing access to Plaintiff's private information, stated: *"How does CBS and FOX get the information? It's because of Palantir."*

Such actions amount to non-consensual surveillance, stalking, psychological targeting, and unauthorized broadcasting of Plaintiff's life for commercial and political purposes; all without due process, transparency, or recourse.

These accounts provide a factual foundation for Plaintiff's claim that the surveillance and subsequent broadcast of private content was not accidental nor isolated, but rather part of a coordinated, intentional campaign of unauthorized monitoring and public dissemination; executed without consent, oversight, or legal recourse.

**2. Legal Notice and Demand Letters**

On July 7–21, 2025, Plaintiff issued formal legal notices to Defendants: Paramount/CBS Legal, Fox Corporation, and Palantir Technologies, advising them of the pending litigation and their obligations to preserve all relevant evidence. This includes, but is not limited to:

- Internal communications
- Video/audio recordings
- Surveillance logs
- Electronic logs (email, keycard, phone, server metadata)
- Any documents related to the alleged conduct

These notices were sent via certified mail with return receipt requested and are attached as **Exhibits A–C**.

On August 21, 2025, Plaintiff issued a second round of formal legal notices to the same Defendants, again demanding the preservation of all evidence and communications tied to this matter. These notices also included:

- Surveillance logs
- Communications with third parties
- Video/audio evidence
- Metadata from key systems and communications

These were likewise sent via certified mail with return receipt requested and are attached as **Exhibit D**.

Defendants are hereby on continued notice that failure to preserve the requested evidence may result in motions for sanctions, including adverse inference instructions, under Federal Rule of Civil Procedure 37(e).

## VI. CAUSES OF ACTION

**Count I**: Violation of the First and Fourth Amendments

(Bivens / Constitutional Torts)

Defendants acted under color of federal authority, or in concert with federal agents, to violate Plaintiff's constitutional rights. This satisfies the

threshold for liability under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

CBS, FOX, and Palantir Technologies participated in the unconstitutional surveillance, acquisition, and dissemination of Plaintiff's private communications and personal data—including video/audio recordings and metadata. This information was obtained without consent, warrant, or legal justification, and was subsequently distributed to mass audiences through televised broadcasts.

These actions violated Plaintiff's rights under the:

- First Amendment (free speech, freedom from compelled exposure, right to petition)
- Fourth Amendment (freedom from unlawful search and seizure)
- Fifth Amendment (due process)

The surveillance was not supported by any legal process. Plaintiff was never informed, charged, or granted notice or remedy. Broadcasting this unlawfully obtained material amplified the injury and magnified the constitutional harm.

Relief is sought under Bivens, and all related constitutional tort precedents.

**Count II**: Intentional Infliction of Emotional Distress

CBS and FOX willfully aired highly sensitive, deeply personal information regarding Plaintiff's mental health, psychological struggles, and statements regarding suicide. This information was originally obtained through Palantir's unlawful dissemination of Plaintiff's private data and was broadcast to mass audiences under the guise of entertainment.

Defendants' conduct was intentional, reckless, extreme, and outrageous. It meets and exceeds the threshold for IIED under both Arizona common law and federal tort principles. No reasonable person would consider the public display of an individual's suicidal state as entertainment.

As a direct result, Plaintiff experienced severe and prolonged emotional distress, including:

- Mental anguish
- Reputational harm
- Social withdrawal and isolation
- Increased anxiety and suicidal ideation

Plaintiff continues to suffer long-term psychological harm due to Defendants' intentional and humiliating actions.

**COUNT III**: Stalking, Witness Intimidation, Coercion, and Long-Term Abuse

Plaintiff has documented numerous incidents of targeted surveillance, coercion, stalking, and retaliation designed to suppress constitutionally protected speech and deter Plaintiff's legal filings.

These actions form a **pattern of conduct** by individuals and entities acting in concert to intimidate, harass, and isolate Plaintiff in violation of both state and federal laws, including those protecting litigants from retaliation and witnesses from tampering.

Specifically, while en route to and from the **District of Arizona Courthouse** to file case **CV-25-03049-PHX-JJT** against **Supreme Court Clerk Scott S. Harris** (Rocks-Macqueen v. Harris), Plaintiff experienced multiple coordinated acts of intimidation. These incidents occurred in the context of Plaintiff's pending civil appeal, **Rocks-Macqueen v. Central Intelligence Agency**, Ninth Circuit Case No. 5056.

The conduct directly undermines Plaintiff's right to access the courts, speak freely, and seek redress, all of which are protected under the **First Amendment** and reinforced by **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

**Supporting Exhibits Include:**

- Evidence of **witness tampering**
- Proof of **coordinated stalking**
- Documentation of **unlawful surveillance and monitoring**
- Acts of **retaliation for protected speech**, including harassment triggered by Plaintiff's use of **satirical, political apparel**

These acts, taken together, form a chilling campaign of psychological and procedural warfare against the Plaintiff, in violation of civil rights and constitutional protections.

## VII. JUDICIAL DEFERENCE

Should this Honorable Court elect not to adjudicate the full constitutional merits of this matter at this stage, Plaintiff respectfully requests that discovery be granted for all communications, recordings, data logs, metadata, and any references to "Michael Rocks-Macqueen" held by Defendants or affiliated parties. This includes all broadcasted videos.

This request preserves judicial deference to related pending litigation while protecting the integrity of the public record. To do nothing would risk tacit judicial complicity in potentially unconstitutional conduct carried out under the guise of entertainment, national security, or technological advancement.

Pending appeals and matters in higher courts involve allegations of fraud upon the court, obstruction, and witness tampering. These actions have created a substantial barrier to the Plaintiff's ability to obtain relief and answer the following constitutional question:

**Under 18 U.S.C. § 241**, it is a felony for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise of constitutional rights.

Plaintiff respectfully asks this Court:

**Have you, or any judicial officer involved, witnessed the Plaintiff's identity or private life broadcast publicly without his consent?**

If the answer is **yes**, then is it not the duty of this Court to uphold truth and justice by holding perpetrators accountable under law?

And if a judge may answer such a question truthfully yet still allow immunity for the abusers, what remains of the Constitution itself?

The answer to this question is required for dismissal. If no dismissal is warranted, then let the judicial process commence and compel the Defendants to defend their conduct on the merits.

## VIII. CEASE AND DESIST REQUEST

If the Court elects not to address the full constitutional magnitude of these violations at this stage, Plaintiff respectfully requests that, at a minimum, discovery be granted into all logs, communications, surveillance data, and media materials referencing "Michael Rocks-Macqueen," maintained by CBS and its contractors, subsidiaries, and partners.

**Note**: *Non-consensual broadcasting without consent, particularly involving suicide ideation, is rape of the mind.*
*For profit, it becomes both a constitutional and moral crisis.*

## IX. REQUEST FOR RANDOMIZED JUDICIAL ASSIGNMENT

Plaintiff respectfully requests that this matter be assigned to a United States District Judge who has not presided over any prior or ongoing filings submitted by Plaintiff, due to a repeated and statistically improbable pattern of **Democratic-appointed judicial assignments** across multiple filings within the District of Arizona and related circuits.

Plaintiff does not allege direct bias by any individual judge, but raises concern over the overwhelming improbability that, despite allegedly neutral assignment protocols, all matters thus far have been directed to judges appointed exclusively by Democratic administrations.

This request is not made from a place of partisanship, but to preserve the **appearance of fairness** and **procedural integrity** in a politically sensitive matter.

**Refer to Exhibit E (I-II):** Seven judges, all Democrat-appointed. Not one opposing political ideology. This is not "chance." It is failure of judicial balance. Especially considering the State of New Mexico's judiciary failure

Accordingly, Plaintiff respectfully asks the Clerk of Court, or the Chief Judge, if appropriate, to **reassign or ensure oversight by a Judge appointed during the Trump Administration**, as a reasonable and neutralizing measure.

This request does **not waive any rights** to future recusal motions, **Bivens claims**, or constitutional remedies should due process be hindered by perceived or actual bias.

Plaintiff affirms no political alignment with any party or administration. This request is made solely to restore confidence in the judiciary's neutrality, particularly where Plaintiff has documented **selective enforcement and retaliation** by entities historically aligned with one political orientation.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- **Issue a Temporary Restraining Order and Permanent Injunction** against CBS and all affiliated entities, partners, or agents, prohibiting further

dissemination or use of Plaintiff's private life details, identity, and medical or psychological content;

- **Award compensatory and punitive damages** in an amount to be determined at trial, **with an initial baseline valuation of $7,000,000,000**, based on the scope of harm, broadcast reach, and ongoing nature of the alleged violations;
- **Order the preservation and production of all relevant materials,** including but not limited to: recordings, communications, surveillance logs, internal metadata, and any reference to Plaintiff, whether held by CBS or any associated third-party vendor, production team, government agency, or contracted intelligence entity;
- **Authorize service of process at the principal place of business** of each Defendant entity in addition to or in lieu of their registered agent, due to prior misconduct, delay, or evidence of evasion tactics and to preserve fairness, privacy, and timely judicial review;
- **Grant leave for expedited discovery** to prevent spoliation of key evidence

## XI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## XII. CERTIFICATE OF SERVICE

I, Michael Rocks-Macqueen, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. I have served a true and correct copy of the following documents:

- Civil Complaint
- Exhibits (A–E)
- Motion to Allow Electronic Filing by a Party Appearing without an Attorney
- Civil Summons Form AO440

The following parties were served at their known registered agent and principle business addresses, either by professional process server or certified mail, as permitted under Rule 4.

CBS Studios Inc.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

CBS Studios Inc.
4024 Radford Avenue
Studio City, CA 91604

Paramount Global
Corporation Service Company (CSC)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Paramount Global
1515 Broadway
New York, NY 10036

Palantir Technologies Inc.
The Corporation Trust Company
1209 Orange St, Wilmington, DE 19801

Palantir Technologies Inc.

1200 Villa Street
Palo Alto, CA 94301

Fox Corporation
CT Corporation System
330 N Brand Blvd
Suite 700
Glendale, CA 91203

Fox Corporation
1211 Avenue of the Americas
New York, NY 10036

Executed on September 10th, 2025, in Scottsdale, Arizona

Signed ____________________

Michael Rocks-Macqueen
PO Box 13537
Scottsdale, AZ 85267